[Civ. No. 71.   Fifth Dist.   Feb. 16, 1962.]

CITY OF TURLOCK, Plaintiff and Respondent, v. GUST A. VRENIOS, Defendant and Appellant.

Gilbert Moody for Defendant and Appellant.

William C. Cullens, City Attorney, for Plaintiff and Respondent.

STONE, J.—This is an appeal by defendant Vrenios from an order taxing costs. Plaintiff-respondent, City of Turlock, a municipal corporation, filed a complaint in eminent domain against defendant-appellant, Gust A. Vrenios. Within 40 days prior to the trial of the action, the city dismissed the complaint, and defendant filed a memorandum of costs pursuant to Code of Civil Procedure, section 1255a. Plaintiff filed a motion to tax costs, and a trial was had on the issue of costs. The court disallowed an item covering appraisal fees of one E. B. Gregg, amounting to $900. Gregg, a deputy county assessor of the County of Stanislaus, engaged in private appraising in addition to his official duties. The County of Stanislaus, pursuant to the provisions of sections 51500 to 51519 of the Government Code, by proper ordinance, transferred the tax functions of the City of Turlock, including that of assessment, to the County of Stanislaus. At all times pertinent hereto the ordinance was in effect, so that witness Gregg was an ex officio deputy assessor of the City of Turlock. Consequently a portion of Gregg's salary was paid by the City of Turlock under the provisions of section 51514, Government Code. The trial court held that employment of Gregg by defendant property owner created a conflict of interest, and disallowed the witness fee. The reasonableness of the fee paid Gregg is not an issue; the sole question is whether a disqualifying conflict of interest existed.

The only conflict of interest statute specifically aimed at city or county employees is Government Code, section 1090, which provided: "Members of the Legislature, state, county, judicial district, and city officers shall not be interested in any contract made by them in their official capacity, or by any

body or board of which they are members. Nor shall state, county, judicial district, and city officers be purchasers at any sale or vendors at any purchase made by them in their official capacity."

No contract between the deputy assessor and the City of Turlock is involved. Nor is a purchase or sale between the witness and the City of Turlock or any official thereof involved. Thus, Government Code section 1090 has no application here. Since there is no statute prohibiting a deputy county assessor or city assessor from accepting outside employment as an expert witness, the question would seem to turn upon whether the deputy assessor could testify against the city if called as a witness. The trial court held, and plaintiff now argues to us, that the relationship *ipso facto* would prevent the witness from testifying, which, in turn, must prevent defendant from recovering the witness fees paid the deputy assessor. If this were the rule, it would follow that no employee of a public agency, from the state level down to local districts or political subdivisions, could testify in any action against the employing entity. Further, the prohibition would apply to every kind of action against such public agencies, including those predicated upon negligence, contract and wage claims. These extreme examples serve to show that employment by the city alone, in and of itself, does not bar a deputy city assessor from testifying against the city. Since the relationship itself does not bar the employee from testifying, the question arises whether privilege could have been asserted by the city. Code of Civil Procedure, section 1881, subdivision 5, provides: "A public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure."

Plaintiff argues that the deputy assessor was in a position to obtain confidential information from the city files. Insofar as this appeal is concerned, we must assume that the tax assessor's records are public and open to every property owner within the political subdivision affected by the particular assessment. The witness Gregg testified that the information he secured concerning the tax assessment of the property involved, other property assessments, together with the purchase price paid by the city for other property in comparable areas, was all public information. His testimony was not contradicted. So far as the record before us is concerned, any person, including the defendant himself, could have obtained

the information which was utilized by the witness Gregg. In short, nothing has been called to our attention which would have prevented the witness from testifying had the case been tried.

The trial court and plaintiff find a conflict of interest by comparing the position of the witness to that of an attorney representing clients whose interests conflict. However, the position of a deputy assessor testifying as to the value of property being condemned by the city, and that of an attorney who undertakes to represent both the city and the landowner, are not apposite. In the first place, the position of the attorney is regulated by statute (Bus. & Prof. Code, ch. 4; Code Civ. Proc., § 1881, subd. 2), while, as we have noted, there is no conflict of interest statute governing the position of either a deputy county or city assessor. Second, an attorney, by the nature of his position, has access to confidential information, which was not shown to be the case in the action before us.

Counsel for respondent cites a reference to the Scriptures which proclaims that a man cannot serve two masters. The citation is a well-established tenet of theology, but as far as that goes, discretion, or ethical considerations, would seem to have militated against the acceptance of employment by the witness in this case. Yet we are unable to find any authority for the proposition that these considerations constitute legal grounds for denying the witness fee as an item of cost. In the absence of (a) a statutory prohibition, (b) a showing of privilege, or (c) a showing that evidence was illegally obtained by the witness, we are unable to find a legal impediment to the inclusion of the witness fee as an item of cost under Code of Civil Procedure section 1255a.

Since we have determined that the matter must be reversed on its merits, it is unnecessary to consider procedural questions raised by appellant.

The judgment is reversed.

Conley, P. J., and Brown, J., concurred.